IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Martinez,<br><br>        Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>        Respondents. | No. CV 04-2933-PHX-MHM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Antonio Martinez has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior Court, Petitioner was convicted of two counts of aggravated assault and five counts of misdemeanor endangerment. Doc. #7, Exh. G at 3. On April 6, 2001, Petitioner was sentenced to concurrent terms of 10.5 years on each of the aggravated assault convictions. Id. at 12. Regarding the endangerment convictions, Petitioner received "terminal dispositions" given that he had already served more jail time than what the sentencing judge imposed. Id.

Petitioner appealed his convictions to the Arizona Court of Appeals. The only issue Petitioner raised in his direct appeal was whether the trial court properly instructed the jury on the affirmative defense of justification-crime prevention. Doc. #7, Exh. H. In a published

1  opinion, the Arizona Court of Appeals rejected Petioner's claim and affirmed his convictions.
2  State v. Martinez, 202 Ariz. 507, 47 P.3d 1145 (App. 2002). A petition for review to the
3  Arizona Supreme Court was denied on December 3, 2002. Doc. #7, Exh. K.

4  On July 8, 2002, Petitioner filed a Notice of Post-Conviction Relief. Doc. #7, Exh.
5  L. The public defender appointed to represent Petitioner in the state post-conviction
6  proceedings filed a notice on September 27, 2002, indicating that after reviewing the record,
7  he was unable to find any claims for relief to raise. Doc. #7, Exh. N. He further requested
8  that the trial court extend the time to file a post-conviction petition to allow Petitioner to file
9  a *pro se* petition. Id. The trial court granted the request and set November 4, 2002, as the
10 deadline for Petitioner to file his *pro se* petition. Doc. #7, Exh. O. Petitioner did not file his
11 *pro se* Petition for Post-Conviction Relief until December 24, 2002. Doc. #7, Exh. P. He
12 raised one claim of ineffective assistance of counsel. Id. In a minute entry issued on March
13 4, 2003, the trial court dismissed the post-conviction proceedings because the petition was
14 untimely. Doc. #7, Exh. Q. On March 24, 2003, Petitioner filed a Petition for Review with
15 the Arizona Court of Appeals. Doc. #7, Exh. R. The Court of Appeals denied review on
16 April 8, 2004. Doc. #7, Exh. V.

17 On December 20, 2004, Petitioner filed his Petition for Writ of Habeas Corpus (Doc.
18 #1) in this court. Petitioner's claims are all contained in Ground One of the petition. He
19 alleges generally that his Sixth Amendment right to representation by a competent attorney
20 has been violated, though it is not clear if each of the three specific claims he raises is
21 intended to be an ineffective assistance of counsel claim. Petitioner first claims that his
22 attorney "misrepresented" him with respect to discrepancies that existed between the police
23 reports and the 9-1-1 call. Second, Petitioner contends that the judge to whom the case was
24 initially assigned was changed before trial. Third, Petitioner alleges that after the police
25 report was submitted to prosecutors, the charges became more serious. On March 7, 2005,
26 Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #7. Petitioner has
27 not filed a reply.
28

1    In its published opinion, the Arizona Court of Appeals summarized the facts of the
2 case:

3    Antonio Sanchez Martinez ("defendant") and a co-worker, Lesesma, drank some beer together at Ledesma's home after work on September 6, 2000. While at Ledesma's home, defendant called his girlfriend and argued with her. After the call, the girlfriend telephoned the police and accused defendant of committing a crime.
    Defendant went home around 9:30 p.m. He lived in a trailer in a remote area. Approximately one hour later (and two and one-half hours after the girlfriend's call to the police), two police officers arrived at defendant's residence. The officers parked their marked patrol car in a well lit area that could be seen from the north window of defendant's trailer. The officers, in uniform, knocked several times on defendant's door. The officers announced who they were and asked defendant to come out.
    Instead of opening the door, defendant fired one shot in the direction of one of the officers. As other officers were dispatched to the situation, the two initial officers heard defendant speaking in Spanish and English to someone on the phone. Apparently, defendant had been calling Ledesma and 9-1-1.
    At 11:23 p.m., defendant fired another shot through the trailer's window. Defendant finally came out of his residence when ordered several times to do so by a Spanish speaking detective over a bullhorn. Defendant struggled with the officers. Defendant's speech was slurred, his eyes were bloodshot, and there was a strong odor of alcohol on his breath.

14  Martinez, 202 Ariz. at 508-09, 47 P.3d at 1146-47.

15                                  **DISCUSSION**

16    In their answer, Respondents argue that Petitioner has procedurally defaulted on his
17 claims by failing to raise two of the claims in the state court and by failing to file a timely
18 state petition for post-conviction relief. Before reaching the procedural default question,
19 however, the court will address the statute of limitations in light of a recent U.S. Supreme
20 Court case that applies here.

21  **A.    Statute of Limitations**

22    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
23 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
24 See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from
25 "the date on which the judgment became final by the conclusion of direct review or the
26 expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v.
27 Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, "[t]he time during which a properly
28 filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

Here, the period for seeking direct review ended on March 3, 2003.[1] Petitioner therefore had one year from that date to file his federal habeas petition. Petitioner is not entitled to statutory tolling under § 2244(d)(2) because his state petition for post-conviction relief was not "properly filed." After Petitioner's post-conviction attorney notified the trial court that he found no issues to raise, the court issued a minute entry granting Petitioner until November 4, 2002 to file his petition.[2] Doc. #7, Exh. O. Petitioner, however, failed to file the petition until December 24, 2002. Doc. #7, Exh. P. The court then dismissed the petition as untimely and the state court of appeals denied review. Doc. #7, Exh. Q, V. Without statutory tolling during the pendency of his state post-conviction petition, and absent any other basis to toll the statute of limitations, Petitioner's federal habeas petition was due no later than March 3, 2004. Petitioner filed his habeas petition on December 20, 2004, more

---

[1] "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Here, the Arizona Supreme Court denied review on December 3, 2002, and under Supreme Court Rule 13, Petitioner had ninety days from that date to file a petition for writ of certiorari.

[2] Rule 32.4(c)(2) of the Arizona Rules of Criminal Procedure states that when a court receives notice from counsel concluding no colorable claims can be raised, the court shall grant petitioner 45 days from the date of the notice to file a *pro se* petition. The time can be extended only upon a showing of extraordinary circumstances. Ariz. R. Civ. P. 32.4(c)(2). Here, the court gave Petitioner 38 days from the date of the notice (9/27/02 to 11/4/02) to file the *pro se* petition. However, because Petitioner did not file his petition until December 24, 2002, the extra seven days required under Rule 32.4(c)(2) would not have made a difference. The petition for post-conviction relief still would have been untimely, producing the same result.

than nine months after the deadline. Based on Petitioner's failure to file his habeas petition within the statute of limitations period, the court will recommend that the petition be dismissed as untimely.

Respondents did not raise a statute of limitations defense in their answer, presumably because Pace, supra, was decided after their answer was filed. Nor has Petitioner presented anything to refute a statute of limitations defense. Therefore, in an abundance of caution, rather than relying solely on a violation of the statue of limitations, the court will also address whether Petitioner's claims are procedurally defaulted.

### B.     Procedural Default

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. Id. at 848. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001).

If a petitioner has merely failed to exhaust available state court remedies, he may be able to return to the state court to present his claims. Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted.

1  Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe, 314 F.3d at 376 (a
2  defendant's claim is procedurally defaulted when it is clear that the state court would hold
3  the claim procedurally barred). The federal court may decline to consider these claims unless
4  the petitioner can demonstrate that a miscarriage of justice would result, or establish cause
5  for his noncompliance and actual prejudice. See Dretke v. Haley, 541 U.S. 386, 392-93
6  (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,
7  750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

8        A procedural default may also occur when a petitioner raises a federal claim in state
9  court but the state court declines to address the claim because the petitioner failed to meet
10 a state procedural requirement. Coleman, 501 U.S. at 729-30. Federal habeas review is
11 precluded "if the decision of that court rests on a state law ground that is independent of the
12 federal question and adequate to support the judgment." Id. at 729. A state procedural bar
13 is "adequate" if the rule is "clear, consistently applied, and well-established at the time of
14 petitioner's purported default." Well v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994). As with
15 defaulted claims that were not fairly presented, a federal court may still review the merits of
16 a defaulted claim based on a state procedural bar if the petitioner can establish cause and
17 prejudice, or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

18     **1.    Claim One**

19       Petitioner alleges in his first claim that his trial attorney provided ineffective
20 assistance by failing to argue the discrepancies between what was written in the police report
21 and what was recorded on the 9-1-1 tape. Petitioner raised this claim in his *pro se* state
22 petition for post-conviction relief. Doc. #7, Exh. P. He claims that highlighting the
23 discrepancies would have provided more support for his justification defense. Id.

24       Although Petitioner raised the claim in the state court, the trial judge denied the
25 petition containing the claim because it was not filed before the deadline. Doc. #7, Exh. Q.
26 After Petitioner's post-conviction counsel filed a notice indicating he found no colorable
27
28

1  claims, the trial judge extended the deadline to file a *pro se* petition to November 4, 2002.³
2  When Petitioner failed to file his petition by the deadline, the trial court dismissed the post-
3  conviction proceedings.  Doc. #7, Exh. Q.

4        The timeliness ground relied on by the trial court to dismiss the post-conviction
5  petition is clearly independent of the federal question raised by Petitioner.  Additionally, the
6  court finds that this state procedural bar is "adequate" in that a timely post-conviction petition
7  is a clear and well-established state procedural requirement.   Accordingly, Petitioner's first
8  claim is procedurally defaulted.

9        Petitioner's habeas petition fails to show cause for the default, actual prejudice, or a
10 miscarriage of justice.  Moreover, because Petitioner failed to file a reply, he has not
11 addressed Respondents' evidence of procedural default.  Based on the procedural default and
12 the absence of a valid reason to excuse it, the court will recommend that the first claim be
13 denied.

14       **2.    Claims Two and Three**

15       Petitioner alleges in his second claim that his trial and sentencing judge was different
16 from the judge that was initially assigned to the case.  In his third claim, Petitioner contends
17 that he was charged with more serious offenses after the police report was submitted to the
18 prosecutors.  Although Petitioner includes both of these claims under a general ineffective
19 assistance of counsel claim, it is not clear whether Petitioner is raising these as independent
20 constitutional claims or as issues that his counsel failed to raise.  Regardless, none of these
21 claims were raised in either his direct appeal or the state post-conviction proceedings.  See
22 Doc. #7, Exh. H, P.  Petitioner therefore has failed to provide the state court with the
23 opportunity to address these claims.  See Coleman, 501 U.S. at 731 ("This exhaustion

---

25     ³ As noted in Footnote 2, Rule 32.4(c)(2) of the Arizona Rules of Criminal Procedure
26 requires the court to grant a 45 day extension under these circumstances.  Here, Petitioner's counsel requested only a 30 day extension for Petitioner to file a *pro se* petition.  Doc. #7,
27 Exh. N.  Although the court did not grant the full 45 days in this case, the petition was filed more than a month after the 45 days expired and thus would still have been untimely under
28 the state procedural rules.

1 requirement is also grounded in principles of comity; in a federal system, the States should
2 have the first opportunity to address and correct alleged violations of state prisoner's federal
3 rights.").

4     By failing to "fairly present" his second and third claims to the state court, Petitioner
5 has not exhausted his state court remedies.  Moreover, Petitioner would no longer have a
6 remedy if he returned to the state court.[4]  As a result, the claims are procedurally defaulted.
7 Because Petitioner has not shown cause for the default, actual prejudice, or a miscarriage of
8 justice, the court will recommend that these claims be denied.

9 **B.     Conclusion**

10     The court concludes that Petitioner failed to file his federal habeas petition within the
11 statute of limitations period.  The court further concludes that even if the habeas petition was
12 timely, the claims in the petition are procedurally defaulted.  For these reasons, the court will
13 recommend that the petition be denied.

14 **IT IS THEREFORE RECOMMENDED:**

15     That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
16 be **DENIED** and **DISMISSED WITH PREJUDICE**;

17     This recommendation is not an order that is immediately appealable to the Ninth
18 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
20 parties shall have ten days from the date of service of a copy of this recommendation within
21 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
22 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
23 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
24 and Recommendation may result in the acceptance of the Report and Recommendation by
25 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,

---

[4] The time has passed to file requests for post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 14th day of November, 2005.

_____
Edward C. Voss
United States Magistrate Judge