IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Martinez, | No. CIV 04-2933-PHX-MHM (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his criminal conviction following a jury trial on two counts of aggravated assault and five counts of misdemeanor endangerment, in Maricopa County Superior Court, State of Arizona. (Doc. 1). The matter was referred to Magistrate Judge Edward C. Voss who has issued a Report and Recommendation that recommends that the Petition should be denied and dismissed with prejudice. (Doc.8). Petitioner has not filed an objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's

1 recommendation waives all objections to the judge's findings of fact." <u>Jones v. Wood</u>, 207
2 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

4       The Court has considered the pleadings and documents of record in this case. Petitioner's conviction was affirmed by the Arizona Court of Appeals. <u>See</u> <u>State v. Martinez</u>, 47 P.3d 1145 (Ariz. App. 2002). A Petition for Review to the Arizona Supreme Court was denied. On July 8, 2002, Petitioner filed a Notice of Post-Conviction Relief. After Petitioner filed a Notice of Post-Conviction Relief, the public defender was appointed to represent him in the state post-conviction proceedings. On September 27, 2002, the public defender filed notice indicating that after reviewing the record he was unable to find any claims for relief to raise. The public defender requested that the trial court extend the time to file a post-conviction petition to allow Petitioner to file a pro se petition. The trial court granted the requested extension and set November 4, 2002 as the deadline for Petitioner to file his pro se petition, warning Petitioner that if no petition was filed by the due date, the Notice of Post-Conviction Relief would be dismissed. Petitioner did not file his pro se Petition for Post-Conviction Relief until December 24, 2002, a date past the designated due date. On March 4, 2003, the trial court dismissed the post-conviction proceedings because the petition was not timely.

19       The Magistrate Judge has recommended that the claims asserted in the Petition are procedurally defaulted and that Petitioner has not shown cause for the default, actual prejudice or that a fundamental miscarriage of justice will result if the claims are not considered. The Magistrate Judge further has recommended that the federal petition was not "properly filed" within the statute of limitations period since the state petition was not filed within the state's required time limit, citing <u>Pace v. DiGuglielmo</u>, 125 S.Ct. 1807, 1812 (2005). Neither party has filed objections to the Magistrate Judge's Report and Recommendation. The Court is in agreement with the Report and Recommendation of the Magistrate Judge.

      **Accordingly**,

- 2 -

1     **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc. 8) in its entirety as the Order of the Court;

    **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

    DATED this 15th day of June, 2006.

    Mary H. Murguia
    United States District Judge